# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANTHONY J. WILLIAMS,**
**D.O.C. # X-83375,**

    **Plaintiff,**

**vs.**                                    **Case No. 4:21cv445-WS-MAF**

**L. THOMAS, et al.,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

        In March, Plaintiff's request for permission to amend his complaint, ECF No. 13, was granted. ECF No. 14. Plaintiff was required to submit his proposed amended complaint and simultaneously submit five service copies. *Id.* When Plaintiff failed to do so, a Report and Recommendation was entered to dismiss this case on April 28, 2022. ECF No. 15.

        Approximately two weeks after entry of that recommendation, Plaintiff filed a motion for an extension of time in which to comply with the prior Order. ECF No. 16. Good cause having been shown, Plaintiff's motion was granted and Plaintiff was given until **June 20, 2022**, to comply. ECF

No. 17. The Report and Recommendation was vacated and Plaintiff was provided with another complaint form so he could file his amended complaint. *Id.* In addition, so as to move this case more efficiently, Plaintiff was also permitted to simultaneously submit the service copies of his amended complaint - one copy for each named Defendant. *Id.* Plaintiff's deadline to comply with June 20, 2022. *Id.* As of this date, nothing further has been received from Plaintiff. It once again appears that Plaintiff has abandoned this litigation; he is certainly aware of the consequences in failing to comply.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an

extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  <u>Smith v. Bruster</u>, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here Plaintiff was advised of the consequences of not complying, but still has not responded.  Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 30, 2022.

 S/   Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.